IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS

IN RE:   ANN C. DONOVAN
         ARKANSAS BAR ID #78043                CASE NO. FA-05-33

Now on this <u>2nd</u> day of December, 2005, comes on for consideration the matter of the suspension of Ann C. Donovan (Bar ID #78043) from the practice of law in the State of Arkansas for a period of three (3) months, which action was taken by the Arkansas Supreme Court Committee on Professional Conduct and made effective September 13, 2005, together with the matter of whether, pursuant to Rule II of the Model Federal Rules of Disciplinary Enforcement -- as adopted and included in the Rules of the United States District Courts for the Eastern and Western Districts of Arkansas per Local Rule 83.5(e) -- Ann C. Donovan should not have imposed upon her the identical discipline by this Court, and the Court, being well and sufficiently advised in the premises, finds and orders as follows:

1.  By Order of June 6, 2005, a panel of the Arkansas Supreme Court Committee on Professional Conduct (the "Committee") ordered that Ann C. Donovan ("Donovan") be suspended from the practice of law in Arkansas for a period of three (3) months; that she be reprimanded; and that she be fined $1,000.00.

2.  Acting on Donovan's petition for reconsideration, the Committee set aside the reprimand and the $1,000.00 fine but left the three (3) month suspension intact.

1

3. By Notice to this Court dated September 13, 2005, the Committee notified the Court of the foregoing and advised that, effective September 13, 2005, Donovan's Arkansas Attorney's License was suspended for a period of three (3) months. The Committee further advised that Donovan "shall not be reinstated to the practice of law in this State until the Arkansas Supreme Court has received an affirmative vote by a majority of the Committee."

4. On September 16, 2006, this Court -- pursuant to Rule II of the Model Federal Rules of Disciplinary Enforcement -- directed Donovan, within thirty (30) days after service of the order upon her, to show cause, if any she has, why the identical discipline imposed upon her by the Committee should not be imposed upon her by this Court.

5. After requesting and receiving additional time to show cause, Donovan filed her response herein on October 31, 2005, in which, among other things, she asked this Court ". . . to review the complaint and the response filed by Ms. Donovan to determine if the Court finds a 90 day suspension is warranted."

6. On November 16, 2005, this Court, *sua sponte*, requested the Committee to fax to it copies of the said complaint and response and the Committee did so on that same date.

7. On November 17, 2005, Donovan moved the Court for permission to file certain relevant documents under seal. This

2

motion was granted November 18, 2005. Donovan thereupon filed, under seal, the documents which are identified in Exhibit A to this Order. The Court has carefully reviewed the documents submitted.

8. In her Response to Order to Show Cause, Donovan states the following arguments that her suspension by the Committee was unwarranted and that this Court should not impose a similar discipline:

(a) that the Committee's procedures are deficient in that they do not allow a respondent attorney an opportunity to be heard; and

(b) that there is an "infirmity of proof" establishing Donovan's misconduct such as to warrant a clear conviction on the part of this Court that it should not accept the Committee's conclusion that she violated the Model Rules.

9. The Bars of the United States District Courts for the Eastern and Western Districts of Arkansas consist of those persons admitted to practice in either district. See Local Rule 83.5(a). As pertinent here, a person is eligible for enrollment in those bars if he or she is licensed to practice by the State of Arkansas. See Local Rule 83.5(b). All persons enrolled as attorneys at either bar are subject to the Uniform Federal Rules of Disciplinary Enforcement (UFRDE), which have been adopted by the Local Rules for the Eastern and Western Districts and made a

3

part thereof by attachment as an Appendix thereto.  See Local Rule 83.5(e).

Under Rule II, UFRDE, it is provided that when an enrolled attorney has been disciplined by another Court, this Court shall forthwith issue a show cause notice to that attorney requiring that he or she inform the Court, within thirty (30) days after receipt of same, of any claim by the attorney -- predicated upon the grounds set forth in subsection D of said Rule II -- that the imposition of the identical discipline by the Court would be unwarranted and the reasons therefor.  See Rule II(B).

Under subsection D of Rule II, it is provided that the Court <u>shall</u> impose the identical discipline <u>unless</u> the attorney demonstrates, or the Court finds, that upon the face of the record upon which the discipline is based, it clearly appears:

> 1.  that the procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or
>
> 2.  that there was such an infirmity of proof establishing the misconduct as to give rise to the clear conviction that this Court could not, consistent with its duty, accept as final conclusion on that subject; or
>
> 3.  that the imposition of the same discipline by this Court would result in grave injustice; or
>
> 4.  that the misconduct established is deemed by this Court to warrant substantially different discipline.

Finally, subsection D provides that if this Court should determine that any of the foregoing grounds exist, "it shall enter such other order as it deems appropriate."

4

10.  First, this Court notes that Donovan's suspension is not just by another court -- but, rather, is by a duly constituted and acting Committee of the Supreme Court of Arkansas, which Court determines who is licensed to practice law in the State of Arkansas.  Unlike another court which might just suspend Donovan from practice before it, the Committee has the power to suspend Donovan's license to practice law in Arkansas -- and has done so.

As noted above, having such a license is a prerequisite for Donovan to practice before this Court.  Accordingly, despite whether this Court determines to impose a similar discipline on Donovan, she is and will continue to be ineligible to practice before this Court (and the U.S. District Court for the Eastern District of Arkansas) for so long as her license remains suspended by the Arkansas Supreme Court.

The Notice of Suspension forwarded to this Court indicates that the suspension of Donovan's license runs for three (3) months commencing September 13, 2005.  Although that suspension period will expire no later than December 13, 2005, the Committee's order of September 13, 2005, further provides that Donovan nevertheless will not be reinstated to the practice of law in Arkansas until the Arkansas Supreme Court has received an affirmative vote by a majority of the Committee supporting that action.  Thus, no matter what action this Court takes in this

matter, Donovan is now, and will continue to be, ineligible to practice before the U.S. District Courts for the Eastern and Western Districts of Arkansas until such time as she is properly reinstated to the practice of law in Arkansas.

11. Turning now to Donovan's response, the Court is not convinced by its review of the matter that the procedures followed by the Committee were so deficient as to amount to a denial of due process.

The Committee agreed that Donovan's failure to timely respond to the complaint against her was due to unavoidable circumstances; it considered the late response; and it set aside the reprimand and fine it had imposed due to the failure to respond. Donovan nevertheless argues that the Committee deprived her of the right to have a ballot vote on the original complaint against her, contending that the materials in her response -- had the Committee properly considered them -- should have been more than enough to persuade the Committee to also set aside her three (3) month suspension. Donovan's conclusions that the Committee did not consider her response and did not give her a ballot vote seem to be based on the similarity of the language in the two orders and the fact that the Committee's order granting reconsideration -- and its final order of sanctions -- are dated the same day. This Court cannot say, on the basis of such

arguments, that Donovan was denied due process of law by the procedures used by the Committee.

The Court is also not convinced that there was any "infirmity of proof" concerning Donovan's actions which prompted Judge Lindsay's referral of a complaint to the Committee -- nor does its review of the matter leave it with a clear conviction that the Committee's action of suspending Donovan for three (3) months was unwarranted.  On the contrary, the Court believes that the action taken by the Committee was fully justified and appropriate under the circumstances shown.

As previously noted, subsection D of Rule II, UFRDE provides that this Court <u>shall</u> impose the identical discipline <u>unless</u> the attorney demonstrates, or the Court finds, that upon the face of the record upon which the discipline is based, it clearly appears that Donovan was denied due process or that there was an infirmity of proof to support the action.

In light of the Court's conclusion that Donovan has not shown cause as to why this Court should not take action in the matter, the Court believes it can and must suspend Donovan from the privilege of practicing law before the U.S. District Courts for the Eastern and Western Districts of Arkansas for a like period of three (3) months -- commencing September 13, 2005, and ending December 13, 2005.

12. The Court further notes that, because her license to practice law has been suspended by the Arkansas State Supreme Court, Donovan is now ineligible to practice in the federal court and will continue to be so ineligible for as long as her license remains suspended. Accordingly, her suspension from the privilege of practicing law before the U.S. District Courts for the Eastern and Western Districts of Arkansas will remain in effect after December 13, 2005, for so long as her license to practice remains suspended.

**IT IS, THEREFORE, ORDERED** Ann C. Donovan be, and she hereby is, suspended from the practice of law before the U.S. District Courts for Eastern and Western Districts of Arkansas, for a period of three (3) months commencing September 13, 2005;

**IT IS FURTHER ORDERED** that Ann C. Donovan shall continue to be suspended from the practice of law before the U.S. District Courts for the Eastern and Western Districts of Arkansas for so long as her license to practice law remains suspended by the State of Arkansas.

**IT IS SO ORDERED.**

/s/ Jimm Larry Hendren
**JIMM LARRY HENDREN**
**UNITED STATES DISTRICT JUDGE**